## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| **SAMUEL F. BRELAND and MARLENA M. BRELAND,** | Electronically Filed |
| **Plaintiffs,** | **Civil Action No.: 18-cv-_____** |
| **v.** | **JUDGE _____** |
| **PERFORMANCE PIPELINE SERVICES, LLC and B-DAL HOLDINGS, LLC** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

### <u>Parties</u>

1.      Plaintiff Samuel F. Breland ("Sam Breland") is an adult individual residing at 11782 Newton County Martin Road, Collinsville, Mississippi 39325, and so resided on July 25, 2017.

2.      Plaintiff Marlena M. Breland ("Marlena Breland") is an adult individual residing at 11782 Newton County Martin Road, Collinsville, Mississippi 39325, and so resided on July 25, 2017.

3.      Marlena Breland is the spouse of Sam Breland and was so on July 25, 2017.

4.      Defendant Performance Pipeline Services, LLC ("PPS") is a limited liability company formed in the state of Louisiana, with a principal place of business located at 1821 Royal Avenue, Monroe, Louisiana 71201 and/or 1900 North 18th Street, Suite 806, Monroe, Louisiana 71291.

5.      Defendant B-DAL Holdings, LLC ("B-DAL") is a limited liability company formed in the state of Louisiana, with a principal place of business located at 1821 Royal Avenue, Monroe, Louisiana 71201 and/or 1900 North 18th Street, Suite 806, Monroe, Louisiana 71291.

6.      B-DAL is apparently the new name of PPS, and, thus, PPS and B-DAL are hereinafter collectively referred to as PPS.

7.      PPS is an inspection company that serves as a third-party representative for its clients at pipeline construction projects, including the Revolution Pipeline Project ("the Project") in Beaver County, Pennsylvania.

## Jurisdiction and Venue

8.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

9.      The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332, which is currently $75,000.00.

10.      Pursuant to 42 Pa. C.S. § 5322, there is personal jurisdiction over PPS as it transacted business in the Commonwealth of Pennsylvania and caused tortious injury to Sam Breland by an act or omission in the Commonwealth of Pennsylvania.

11.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred in this District and Division.

**Factual Background**

12.     The Revolution Pipeline was a project of Energy Transfer Partners, LP and/or Energy Transfer Corp. or their subsidiaries or affiliated companies (collectively "Energy Transfer").

13.     The Revolution Pipeline is a natural gas pipeline in Western Pennsylvania that stretches from Butler County, through Beaver County, to Washington County.

14.      Energy Transfer hired Willbros Construction (U.S.), LLC ("Willbros") to provide excavation services at the Project.

15.     On or about April 20, 2017, Sam Breland commenced employment with Willbros at the Project in Beaver County, Pennsylvania, as a track hoe operator on a right-of-way crew.

16.     At the time of his employment, Sam Breland had a valid commercial driver's license from the state of Mississippi.

17.     At all times material and relevant herein, Energy Transfer hired PPS to provide inspection services on the Project and to serve as Energy Transfer's third-party representative at the Project.

18.     PPS's responsibilities at the Project included inspecting the work of Willbros, assuming an active role in discovering safety issues, and assuring the safety of all workers and equipment at the Project, including Sam Breland.

19.     PPS had overall responsibility for safety at the Project.

20.     PPS had the authority to shut-down any activity at the Project that was unsafe.

21.     Pursuant to its safety requirements, PPS was required to inspect all slings and/or cables used at the Project for proper weight ratings for their particular use.

22.     Energy Transfer paid PPS for its services on the Project.

23.     While excavating hillsides in Beaver County, Pennsylvania, between June 16, 2017, and July 25, 2017, due to steep hillsides, workers would position a bulldozer at the top of a hill, then attach a cable from its winch to a track hoe on the hillside, so that the track hoe would not fall down the hill.

24.     PPS, through its employees, agents, and/or contractors, was aware of the practice of cables being attached from the winch of a bulldozer to the track hoe located on a steep hillside.

25.     Between June 16, 2017, and July 24, 2017, two cables attached from bulldozers to track hoes broke.

26.     PPS, through its employees, agents, and/or contractors, was fully aware of the cables breaking.

27.     On July 25, 2017, while excavating dirt for the right-of-way, Sam Breland operated a Komatsu PC-360 track hoe, which weighed 92,600 pounds, at the Project near Aliquippa, Beaver County, Pennsylvania.

28.     Sam Breland operated the track hoe on a steep hillside.

29.     A bulldozer was at the top of the steep hillside.

30.     A cable, which had a vertical rating of 30,000 pounds, was attached from the bulldozer's winch to the track hoe operated by Sam Breland.

31.     Specifically, the cable was attached to a D-ring, which had two small cables attached to the mainframe of the track hoe.

32.     Sam Breland was not responsible for attaching the cables.

33.     Sam Breland did not attach the cables.

4

34.    The track hoe was positioned on the edge of the steep hillside below the bulldozer.

35.    The bulldozer's cable held the track hoe in place on the steep hillside.

36.    On July 25, 2017, PPS, through its employees, agents, and/or contractors, watched and was fully aware of the cable of the bulldozer being attached to the track hoe Sam Breland operated while the track hoe was on the steep hillside excavating dirt.

37.    On July 25, 2017, the cable from the bulldozer attached to the track hoe Sam Breland operated broke causing the track hoe, with Sam Breland in the cab, to flip backwards three times traveling approximately 300 feet and then dropping approximately 90 feet vertically off the hillside before coming to rest in the valley below.

38.    Following the cable break, an investigation revealed the cable attached to the track hoe Sam Breland operated was underrated for the weight of the track hoe.

39.    Despite knowledge of the prior broken cables, PPS failed to inspect or properly inspect the cable that broke causing Sam Breland's track hoe to flip and fall.

40.    Alternatively, PPS inspected the cable and failed to warn Sam Breland that the cable was not strong enough to hold the track hoe on July 25, 2017.

41.    As a direct and proximate result of the negligence causing the track hoe to flip backwards three times traveling approximately 300 feet and then dropping approximately 90 feet vertically off the hillside, Sam Breland suffered:

      a.   Left tibial plateau fracture, requiring surgery, due to a severe varus injury that caused varus compression;

      b.   Left anterior cruciate ligament tear;

      c.   Swelling of the left knee;

    d.  Post-surgical pneumonia, requiring hospitalization;

    e.  Head laceration requiring 12 sutures;

    f.  Laceration above the right eye requiring sutures;

    g.  Lip laceration;

    h.  Concussion and post-concussion syndrome;

    i.  Post-traumatic stress disorder;

    j.  Depression;

    k.  Nausea;

    l.  Dizziness;

    m.  Lightheadedness;

    n.  Headaches;

    o.  Difficulty ambulating;

    p.  Low back pain;

    q.  Exacerbation or aggravation of peripheral neuropathy;

    r.  Diffuse bulge of the right abdomen; and

    s.  Multiple bruises and contusions of the body.

42.    As a direct and proximate result of PPS's conduct, Sam Breland sustained the above injuries.

43.    As a direct and proximate result of PPS's conduct and the above injuries, Sam Breland no longer has a commercial driver's license.

44.    As a direct and proximate result of PPS's negligent conduct, Sam Breland has incurred and will continue to incur into the future the following damages:

a. Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

b. Past, present, and future mental anguish and suffering;

c. Past, present, and future disfigurement and disability;

d. Past, present, and future impairment of the ability to enjoy the pleasures of life;

e. Permanent physical impairment;

f. Past and future costs and expenses for medical care, therapeutic treatments, medications, and home healthcare;

g. Lost wages; and

h. Lost future earning capacity.

45.     As a direct and proximate result of PPS's negligent conduct, described above, Marlena Breland has suffered and continues to suffer a loss of marital consortium.

## COUNT I (*Negligence*)

46.     The allegations in Paragraphs 1 through 45 are incorporated by reference as though fully set forth at length.

47.     At all times material and relevant herein, PPS acted through its agents, servants, and/or employees, all of whom were acting within the course and scope of their employment under the direct supervision and control of PPS.

48.     The actions of PPS's agents, servants, and/or employees were performed with the actual or apparent authority of PPS.

49.     At all times material and relevant herein, PPS's agents, servants, and/or employees were engaged in furthering the interests, activities, affairs, and/or business of PPS.

7

50.     PPS is vicariously liable for the actions, commissions, or omissions of its agents, servants, and/or employees on the basis of *respondeat superior*.

51.     Pursuant to the Restatement (Second) of Torts § 324A, PPS undertook to render services for compensation, including inspecting and assuming an active role in assuring safety on the Project, which PPS should have recognized as necessary for the protection of third persons, such as Sam Breland.

52.     PPS owed a duty of care to Sam Breland.

53.     PPS, through its agents, servants, and/or employees, breached its duty of care to Sam Breland and acted negligently by:

  a.   Failing to initiate and implement necessary safety measures on the Project to prevent the cable from breaking and/or the track hoe from falling down the hillside;

  b.   Permitting workers to attach the cable from the bulldozer's winch to the track hoe while the track hoe was located on a steep hillside;

  c.   Failing to perform or properly perform safety inspections of excavation activities of the right-of-way crew and the cables;

  d.   Failing to perform or properly inspect the Project on a continuous basis and immediately address any safety issues involving the excavation activities of the right-of-way crew and the cables;

  e.   Failing to make sure all applicable safety procedures were followed while excavation activities were in progress;

  f.   Failing to monitor or adequately monitor compliance with a formal safety plan;

  g.   Failing to implement a formal safety plan;

{W0197974.1 }

h.  Failing to communicate a formal safety plan;

i.  Failing to monitor or adequately monitor excavation activities of the right-of-way crew and the cables;

j.  Allowing construction to proceed on the Project without adequate safety monitoring;

k.  Failing to properly train its employees to monitor or adequately monitor and/or inspect for safety issues;

l.  Failing to stop work when it knew or should have known of safety issues that could cause harm to third persons, such as Sam Breland;

m.  Failing to instruct or adequately instruct third persons at the Project as to safety policies and procedures;

n.  Failing to oversee the competency of its agents, servants, and/or employees;

o.  Failing to train or properly train its agents, servants, and/or employees;

p.  Failing to ensure safety procedures and policies were implemented and followed during the excavation activities of the right-of-way crew;

q.  Failing to perform a workplace hazard assessment or job safety analysis;

r.  Failing to inspect the excavation activities of the right-of-way crew on July 25, 2017, and/or on a frequent or regular basis to identify and correct potential dangerous conditions;

s.  Failing to conduct safety audits;

t.  Violating 29 C.F.R. § 1926.651(k)(1) & (2); and

{W0197974.1 }

u.   Violating American Petroleum Institute Recommended Practice 1169 §§ 4.6, 4.7, 4.11, 5.2.2, 5.8, 5.10.1, 5.16.1, 5.16.4.3, 7.6.1, and 7.14.3.

54.   PPS is fully liable for causing the injuries to Sam Breland and the damages alleged herein.

## COUNT II (*Loss of Consortium*)

55.   The allegations in Paragraphs 1 through 54 are incorporated by reference as though fully set forth at length.

56.   At the time of the incident of July 25, 2017, Sam Breland and Marlena Breland were husband and wife residing together at the same address.  They are still married and residing together at the same address.

57.   Due to the actions of PPS, Marlena Breland has been deprived and will in the future be deprived of the companionship, support, services, household services, and consortium of Sam Breland.

58.   Marlena Breland seeks damages for loss of consortium from July 25, 2017, through the present date and into the future.

**ACCORDINGLY**, Plaintiffs, Samuel F. Breland and Marlena M. Breland, respectfully request that this Honorable Court enter judgment in their favor and against Defendant Performance Pipeline Services, LLC and Defendant B-DAL Holdings, LLC, as follows:

a.   Compensatory damages, exclusive of interest and costs, in an amount in excess of $75,000.00;

b.   Costs of court;

c.   Pre-judgment interest at the maximum legal rate;

    d.   Post-judgment interest at the maximum legal rate; and

    e.   Such other and further relief, special and general, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**GOLDSMITH & OGRODOWSKI, LLC**

Date:   December 7, 2018         /s E. Richard Ogrodowski

                                       _____
                                       Frederick B. Goldsmith
PA ID #78891
fbg@golawllc.com
E. Richard Ogrodowski
PA ID #87464
ero@golawllc.com
247 Fort Pitt Boulevard, 5th Floor
Pittsburgh, PA  15222
Phone: (412) 281-4340
Fax: (412) 281-4347

**Counsel for Plaintiffs**

**<u>Jury Demand</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial on all issues so triable.

/s E. Richard Ogrodowski

_____

{W0197974.1 }